Nyia Marie Harrell, Plaintiff,
v.
Brown County Department of Health and Human Services (CPS),
Individual CPS Workers/Supervisors – Heidi Skaar, Katie Koebernik, Taylor Schroeder, Schayna Wilson, Kevin Brennan
Brown County Police Department
Police Officers/ Detectives, Jenna Luberda, Benjamin Snyder, Mr. Heuvelmans, Mr. Delsart, Mr. Olendzki,
Stg. Thoreson
Dante Jovan Lassiter
Wisconsin and Illinois Family Court Officials (in official capacity for injunctive relief), Defendants.

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, DAMAGES, AND INJUNCTIVE RELIEF

I. JURISDICTION AND VENUE

1. This action arises under the U.S. Constitution and federal law, including:

42 U.S.C. §1983 (civil rights violations under color of state law)

42 U.S.C. §1985 (conspiracy to interfere with civil rights)

42 U.S.C. §1988 (attorney's fees)

Fourth Amendment (unlawful search, seizure, and arrest)

Fourteenth Amendment (due process and equal protection)

First Amendment (right to petition and association with child)

Ninth Amendment (retained parental rights)

2. Jurisdiction is proper under 28 U.S.C. §§1331 & 1343.

3. Venue is proper in this District under 28 U.S.C. §1391(b) because the events occurred in Brown County, Wisconsin, and the ongoing harm continues to affect Plaintiff.

II. PARTIES

Plaintiff: Nyia Marie Harrell, resident of Wisconsin, Mother of minor child JMH.
3542 N Vel R Philips Ave Milwaukee, WI 53212

Defendants:

Brown County Department of Human Services (CPS)
111 N Jefferson St. Green Bay, WI 54301
P.O. Box 22188 Green Bay, WI 54301

Individual CPS supervisors:
Schayna Wilson
Kevin Brennan

Individual CPS workers:
Heidi Skaar
Katie Koebernik
Taylor Schroeder

Brown County Police Department
307 S. Adams Street Green Bay, WI 54301

Individual Police Officers/ Detectives:
Detectives Jenna Luberda
Benjamin Snyder
Mr. Heuvelmans
Mr. Delsart
Mr. Olendzki
Stg. Thoreson

Dante Jovan Lassiter, father of (JMH), who acted to deliberately harm Plaintiff and interfere with parental rights
1023 Nassau Pkwy Rockford, Il 61107

Illinois Family Court Officials (in official capacity for injunctive relief related to custody and protection orders)
Winnebago County Courthouse
400 W state St. Rockford IL 61101

Steven L. Nordquist
Amy K Peterman
Joseph P. Bruscato
Scott P. Robinson
Maureen Lawson

Wisconsin Milwaukee County Family Court Officials (in official capacity for injunctive relief related to custody)
Milwaukee County Courthouse- Family Court Division
901 N 9th St. Milwaukee, WI 53223

Jason M. Mishelow


Wisconsin Brown County Family Court Officials (in official capacity for injunctive relief related to custody)
Brown County Courthouse 100 S Jefferson St. Green Bay WI 54301
P.O. Box 23600 Green Bay, WI 54305-30600

John P. Zakowski
Cynthia Vopal

p93

## III. STATEMENT OF FACTS

1. In August of 2021, Defendants relied on statements from Plaintiff's child, influenced by the father to gain custody and deprived plaintiff of her parental rights with evidence of parental alienation limits and plaintiff access.

2. Plaintiff was not involved in these statements.

3. CPS initially investigated and found the allegations unfounded, allowing Plaintiff and her children to remain home.

4. Later that night, around 11:00 p.m., CPS returned with Brown County police officers, forcibly woke the children, and removed them without a warrant or court order.

5. Police handcuffed Plaintiff in her home despite having no legitimate warrant or probable cause.

6. CPS coerced Plaintiff into signing a "Protective Plan", labeling her as "Violent," under threat of losing her children. CPS Falsely represented that all her children supported the allegations when in fact only one child was involved. This deliberate misrepresentation was used to justify interference with plaintiffs' parental rights coordination with the criminal case and denial of meaningful parenting time and custody.

7. Plaintiff was denied a court hearing for the removal of her children for nearly two months, violating her due process rights.

8. When Plaintiff finally appeared in court, the judge did not meaningfully question CPS and adopted their claims without review.

9. CPS generalized the false statements from one child to all Plaintiff's children, despite video evidence contradicting their claims.

10. Plaintiff was placed on waiting lists for multiple services, allegedly required for reunification, even though the original allegations were false.

11. Plaintiff was arrested and charged with two felonies based solely on statements from a child she had been willful deprived of for over two months. All charges were later unfounded dismissed in December 2024. Almost 4 years after being charged.

12. CPS allowed Dante Lassiter to remove the child from Wisconsin to Illinois with temporary order, despite existing custody orders in Wisconsin.

13. In Illinois, Lassiter obtained sole custody by publication. The publication was secured through deliberate concealment, with the specific intent to deprive the plaintiff of knowledge and participation in the proceedings. Wisconsin orders were in place at the time. Protection orders were also obtained for Lassiter and child, based on the same false claims in Illinois. Publication was done in Illinois. Plaintiff has never been a resident of Illinois.

14. Plaintiff was not present at any Illinois hearings, denying her opportunity to contest the orders. Illinois are claiming theses orders to be valid.

15. Illinois courts denied multiple requests for 14-day evidentiary hearings, preventing Plaintiff from seeing or communicating with her daughter for years.

16. The violations described herein are ongoing. Plaintiff continues to be denied access to her child, forced to comply with unnecessary services, and subjected to ongoing emotional distress, reputational harm, and loss of parenting time.

17. Upon information and belief, CPS and Brown County received federal and state reimbursement for child removals and services, creating a financial incentive that influenced their actions.

18. Plaintiff was targeted because she is a Black, in violation of the Equal Protection Clause.

## IV. CLAIMS FOR RELIEF

Count I – Fourth Amendment Violations (§1983)

Illegal seizure of children, handcuffing, and attempted illegal search of Plaintiff's home.

Count II – Fourteenth Amendment – Substantive Due Process (§1983)

Deprivation of parental rights without notice or fair opportunity to be heard.

Count III – Fourteenth Amendment – Procedural Due Process (§1983)

Failure to provide prompt hearings; coerced into Protective Plan and services.

Count IV – Equal Protection (§1983)

Discrimination based on race.

Count V – Malicious Prosecution (§1983)

False felony charges brought without probable cause.

Count VI – Conspiracy (§1985)

CPS, Police, and Dante Lassiter knowingly acted in concert to deprive plaintiff of her parental rights and to manipulate custody proceedings for their own benefit.

Count VII – Violation of UCCJEA & Full Faith & Credit

Illinois custody orders violated Wisconsin jurisdiction and due process.

Count VIII – Intentional Infliction of Emotional Distress (State Tort)

Extreme emotional harm caused by prolonged separation and Willful Deprivation..

Count IX – Interference with Parent-Child Relationship (State Tort)

Deprivation of contact and parenting for nearly five years

V. Relief Requested

Declaratory Relief

Plaintiff seeks a declaratory judgment that Defendants' actions, including the removal of Plaintiff's children without proper notice, service, or hearing, reliance on uncorroborated child statements, and the entry of custody and protection orders without due process, violated her constitutional rights, including:

Fourteenth Amendment rights to due process and equal protection.

First Amendment right to petition the courts for redress of grievances.

Fundamental parental rights to the care, custody, and companionship of her child.

Injunctive Relief

Plaintiff requests that the Court issue an injunction requiring Defendants, including state court officials acting in their official capacities, CPS workers, and law enforcement, to:

1. Enjoin enforcement of unconstitutional orders

Prohibit enforcement of custody, placement, or protection orders entered without proper service, notice, or opportunity to be heard.

2. Ensure constitutional protections in future proceedings

Require timely notice, opportunity to be heard, right to counsel, and fair opportunity to present and challenge evidence in all future custody or protective proceedings.

3. Prohibit reliance on uncorroborated statements

Bar CPS, law enforcement, and state officials from initiating removal, custody restrictions, or criminal charges based solely on coerced or unsubstantiated child statements.

4. Expungement of false records

Direct CPS to remove or seal all unsubstantiated or dismissed allegations from Plaintiff's record and databases.

5. Restoration of parental access

Require Defendants to take immediate steps to restore meaningful parenting time and contact between Plaintiff and her child pending lawful adjudication of custody.

6. Policy and training reforms

Require CPS, law enforcement, and state court officials to adopt safeguards, training, and oversight ensuring compliance with constitutional due process before interfering with parental rights.

Compensatory and Punitive Damages

Plaintiff seeks compensatory and punitive damages from Defendants for the ongoing violation of her constitutional rights, including emotional, financial, and reputational harm for almost 5 years:

1. Compensatory Damages – $1,290,000

Emotional and psychological harm: $400,000 (trauma, stress, therapy for Plaintiff and child)

Lost parental time and custody: $400,000 (missed milestones and decision-making opportunities)

Legal fees and court costs: $40,000 (fees, filing fees, travel)

Lost income: $100,000 (wages lost for court appearances and legal obligations)

Reputation damage: $300,000 (harm from false CPS/police reports affecting employment or community standing)

Miscellaneous economic losses: $50,000 (childcare, moving costs, other expenses)

2. Punitive Damages – $500,000

To punish individual Defendants who acted with malice, reckless disregard, or deliberate indifference to Plaintiff's constitutional rights, and to deter similar conduct in the future.

Total Damages Requested: $ 1,790,000

Plaintiff seeks 1,790,000 Total and damages for nearly five years of harm caused by the defendants, who collectively concealed court publications, interfered with plaintiffs' parental rights, and acted in concert with CPS and the criminal case. While plaintiff was defending herself against false criminal charges defendants' actions deny her parenting time, cause severe emotional distress, reputational damage, and disrupting her relationship with her child. The deliberate on-going misconduct directly harms plaintiff and her children making the requested damages reasonable and necessary.

Attorney's Fees and Costs

Plaintiff requests an award of attorney's fees and costs pursuant to 42 U.S.C. §1988.

Continuing Violation and Timeliness

Although the initial removal of Plaintiff's child occurred in August 2021, the deprivation of her constitutional rights has continued, including denial of parenting time, access, and the exercise of parental rights. The ongoing effects of removal, CPS actions, and Illinois custody and protection orders constitute a continuing violation. Under the continuing violation doctrine, the statute of limitations runs from the most recent act causing harm, rendering this action timely.

Ongoing Emotional and Parental Impact

The continued denial of parenting time and interference with Plaintiff's parental rights has caused significant emotional distress, anxiety, and psychological harm to both Plaintiff and her child. Plaintiff has suffered ongoing grief, stress, and loss of the parent-child bond, and the child has experienced emotional and developmental impacts due to the prolonged separation. These harms form the basis for the requested compensatory and punitive damages.

VI. Jury Demand

Plaintiff demands a trial by jury on all issues so triable.

*Nyjia Hanuell* (signature)