# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| NYIA MARIE HARRELL,<br><br>                Plaintiff,<br><br>v.<br><br>BROWN COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, SCHANYA WILSON, KEVIN BRENNAN, KAILYN EPPS, HEIDI SKARR, KATIE KOEBERNIK, TAYLOR SCHROEDER, GREEN BAY POLICE DEPARTMENT, JENNA LUBERDA, SGT. THORESON, OFFICER BREY, BENJAMIN SYNDER, MR. HEUVELMANS, MR. DELSART, MR. OLENDZKI, DANTE JOVAN LASSITER, STEVEN L. NORDQUIST, AMY K. PETERMAN, SCOTT P. ROBINSON, MAUREEN LAWSON, KEVIN E. MARTENS, JAMES M. MISHELOW, DAVID R. PRUHS, JOHN P. ZAKOWSKI, PAUL BURKE, and CYNTHIA VOPAL,<br><br>                Defendants. | Case No. 25-CV-1271-JPS<br><br>**ORDER** |

1.     **INTRODUCTION**

Plaintiff Nyia Marie Harrell ("Plaintiff"), proceeding pro se, sues Brown County Department of Health and Human Services, Schanya Wilson, Kevin Brennan, Kailyn Epps, Heidi Skarr, Katie Koebernik, Taylor Schroeder, Green Bay Police Department, Jenna Luberda, Sgt. Thoreson, Officer Brey, Benjamin Synder, Mr. Heuvelmans, Mr. Delsart, Mr.

Olendzki, Dante Jovan Lassiter, and various Wisconsin and Illinois Family Court Officials (collectively, "Defendants")[1] for violations of her constitutional rights. ECF No. 7-1. She has filed or moved for leave to file an amended complaint three times. ECF Nos. 5–7. She also moves for leave to proceed in forma pauperis, ECF No. 2, for the Court to appoint counsel, ECF No. 3, and for the U.S. Marshals to serve her complaint, ECF No. 8. This Order screens Plaintiff's third amended complaint and addresses her pending motions.

For the reasons discussed herein, the Court will dismiss Plaintiff's case without prejudice for lack of subject matter jurisdiction. It will also deny as moot Plaintiff's motion to leave in forma pauperis, motion for appointment of counsel, motion for leave to file a second amended complaint, and motion to have the U.S. Marshals serve her complaint.

## 2. MOTION TO PROCEED IN FORMA PAUPERIS

A party proceeding pro se may submit a request to proceed without prepaying the filing fee, otherwise known as a motion to proceed in forma pauperis. "The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure [that] indigent litigants have meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits."[2] *Rodriguez v. Crim. Just. Facility*

---

[1] Because the Court accepts Plaintiff's third amended complaint and screens it as the operative complaint in this matter, *see infra* Section 3, the caption reflects the Defendants named in the third amended complaint. ECF No. 7-1 at 5–7.

[2] Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner pro se litigants alike. *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997), *superseded by rule on other, inapplicable grounds as recognized by Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1999); *see also Mitchell v. Farcass,* 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) ("Section 1915(e) applies to all [in forma pauperis]

*Safety Bldg.*, No. 23-CV-394, 2023 WL 3467565, at *1 (E.D. Wis. Apr. 7, 2023) (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)), *report and recommendation adopted sub nom. Rodriguez v. Crim. Just. Facility*, No. 23-CV-394-PP, 2023 WL 3467507 (E.D. Wis. May 15, 2023).

To determine whether it may authorize a litigant to proceed in forma pauperis, the Court engages in a two-part inquiry. It must examine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). The Court must also examine whether the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief"; if any of these criteria applies, the Court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Likewise, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). The Court engages in this part of the inquiry *infra* Section 4.

It follows that a litigant whose complaint does not clear the § 1915(e)(2) threshold or does not plead claims within the Court's subject matter jurisdiction, and whose case cannot proceed as a result, necessarily cannot reap the benefits of proceeding in forma pauperis. In other words, although in forma pauperis status ought to be granted to those impoverished litigants "who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972), a

---

litigants—prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.") (Lay, J., concurring)).

pro se litigant's financial status is only part of the picture in determining whether the litigant's case may proceed without payment of the filing fee.

Because the Court concludes *infra* Section 4 that Plaintiff fails to set forth claims within the Court's subject matter jurisdiction, the Court will deny Plaintiff's motion to proceed in forma pauperis as moot.

## 3. MOTIONS TO AMEND COMPLAINT

Under Federal Rule of Civil Procedure 15(a)(2), once a party has amended its pleading as a matter of course within twenty-one days of filing the original complaint, "a party may amend its pleading only with the opposing party's written consent or the court's leave." "The Court should freely give leave when justice so requires." *Id*. In this case, Plaintiff submitted an amended complaint as a matter of course a few days after filing her original complaint. ECF No. 5. She then moved twice to amend her complaint, each time attaching the proposed amended pleading. ECF Nos. 6, 7. Defendants have been not served and there is no other harm in letting Plaintiff amend here. Accordingly, the Court will grant Plaintiff's motion for leave to file the third amended complaint, ECF No. 7, will screen that complaint, ECF No. 7-1, and will deny as moot Plaintiff's motion for leave to file a second amended complaint, ECF No. 6.

## 4. SCREENING THE THIRD AMENDED COMPLAINT

### 4.1 Legal Standard

As noted above, when a pro se litigant seeks to proceed in forma pauperis, the Court must screen the litigant's complaint prior to service on the defendants. The Court "shall dismiss the case" if it finds any of the following: the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C.

§ 1915(e)(2); or the case is outside of the Court's subject matter jurisdiction, FED. R. CIV. P. 12(h).

A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke*, 490 U.S. at 325); *see also Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997) (quoting *Neitzke*, 490 U.S. at 325). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing a complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Ashcroft*, 556 U.S. at 678)

(internal bracketing omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### 4.2 Plaintiff's Factual Allegations

The Court discerns the following from Plaintiff's third amended complaint. Plaintiff has multiple children, one of whom is also the son of Defendant Dante Jovan Lassiter ("Lassiter"). *See* ECF No. 7-1 at 6.

Defendants also include members of the Brown County Department of Health and Human Services, Green Bay Police Department, Child Protective Services ("CPS"), Wisconsin family court judges, and Illinois family court judges, all of whom Plaintiff alleges played a role, starting in August 2021, in the loss of access to her children, or at least the child she shares with Lassiter.[3] *Id.* at 8.

Plaintiff alleges that, at around that time, certain unnamed Defendants relied on unspecified allegations from Plaintiff's child, who was "influenced by the father to gain custody" so as to "deprive[] [P]laintiff of her parental rights." *Id*. "CPS initially investigated and found the allegations unfounded, allowing Plaintiff and her children to remain home." *Id*. "Later that night, around 11:00 p.m., CPS returned with the Green Bay Police officers, forcibly woke the children, and removed them without a warrant or court order." *Id*. Police "detained Plaintiff in her home [the] entire time while trying to obtain a search warrant" even though they

---

[3]Plaintiff identifies Mr. Lassiter as the father of her minor child J.M.H., ECF No. 7-1 at 6, who the Court construes as the child involved in Plaintiff's August 2021 encounter with local police.

had "no legitimate warrant or probable cause." *Id*. CPS then "coerced" Plaintiff into signing a "Protective Plan," which categorized her as "[v]iolent, under threat of losing her children." *Id*. "CPS [f]alsely represented that all her children supported the allegations when in fact only one child was involved," a misrepresentation that "was used to justify interference with [P]laintiff['s] parental rights coordination with the criminal case and denial of meaningful parenting time and custody." *Id*. Plaintiff alleges that the "paperwork associated with this protective plan contains irregularities," which suggests that her "case was mishandled." *Id*. Instead of following the proper procedure, she suggests that CPS used her case for training purposes, leading to "violations" of her "parental rights." *Id*.

In turn, Plaintiff did not receive a court hearing for the removal of her children for nearly two months, which she alleges violated her due process rights. *Id*. Despite "verbal and video evidence" to the contrary, "CPS generalized the false statements from one child to all Plaintiff's children." *Id*. Plaintiff "was arrested 2 weeks later and charged with two felonies based solely on statements from a child she had been wilful[ly] deprived of for over two months." *Id*. "All charges were later . . . dismissed in December 2024. Almost 4 years after being charged." *Id*. Plaintiff says the charges were "unfounded." *Id.*

As a result, Plaintiff "was placed on waiting lists for multiple services," which were allegedly necessary for Plaintiff to reunite with her child. *Id*. at 9. CPS "denied" Plaintiff from participating "in certain visits, meetings and documentation regarding her child, further interfering with her parental rights and relationships with the child." *Id*.

Page 7 of 16
Case 2:25-cv-01271-JPS    Filed 11/25/25    Page 7 of 16    Document 9

In Illinois in May 2024, Lassiter, despite "Wisconsin orders… in place at the time," obtained sole custody by publication in Illinois rather than Wisconsin, "deliberate[ly] conceal[ing] the notice with the "specific intent" of "depriv[ing]" Plaintiff of "knowledge and participation in the proceedings." *Id*.; *see also id.* (alleging that CPS "allowed . . . Lassiter to remove the child from Wisconsin to Illinois with [a] temporary order" despite an existing, valid custody order from July 3, 2012). These "same false claims" also resulted in protective orders being awarded to Lassiter and the child. *Id*. Because notice for these proceedings was executed via publication in Illinois, Plaintiff was denied an opportunity to contest these orders. *Id*. Illinois courts have also denied Plaintiff's multiple requests for evidentiary hearings as well as miscellaneous motions for parenting time and to vacate that court's orders. *Id*. Plaintiff alleges these violations are "ongoing" as she continues to be "denied access to her child, forced to comply with unnecessary services, and subjected to ongoing emotional distress, reputational harm, and loss of parenting time." *Id*.

Plaintiff is indeed a party to a family case in Winnebago County, Illinois, in which Mr. Lassiter is a participant; although the case is listed as closed, the case remains ongoing as Plaintiff has requested a judge substitution, which has caused the court to continue the proceedings as to Plaintiff's motion originally set for November 18, 2025. *Dante Lassiter v. Nyia Marie Harrell*, Case No. 2023FA103 (Winnebago Cnty. Cir. Ct. 2025), *available at*

https://fce.wincoil.gov/fullcourtweb/civilCase.do?CourtCaseId=181844342

&PageNumber=1&PageSize=10&r=gCa (last visited Nov. 25, 2025) (hereinafter the "Illinois State Case").[4]

In February 2025, a family court in Wisconsin "relinquished jurisdiction in about 5 minutes, without proper UCCJEA hearing"[5] and over Plaintiff's objections; Plaintiff suggests that her motions to reopen and retain jurisdiction remain pending. ECF No. 7-1 at 9. Plaintiff appears to be referring to a Milwaukee County, Wisconsin case. *See In re the Paternity of J.M.H.*, Case No. 2012PA002286PJ (Milwaukee Cnty. Cir. Ct. 2012), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2012PA002286PJ&countyNo=40&index=0 (last visited Nov. 25, 2025) (hereinafter the "Wisconsin State Case"). That case and the Illinois State Case are listed as closed, but there are many recent filings. *See id.*

Plaintiff further alleges that "CPS and Brown County received federal and state reimbursement for child removals and services, creating a financial incentive that influenced their actions," and that was she targeted because she is Black, in violation of the Equal Protection Clause of the Fourteenth Amendment. *Id*.

Based on these violations, Plaintiff seeks compensatory damages in the amount of $1.8 million, punitive damages, attorneys' fees and costs, a

---

[4]The Court may take judicial notice of public records, including state court records. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

[5]Plaintiff presumably refers to the Uniform Child Custody Jurisdiction and Enforcement Act, which Wisconsin and Illinois have adopted. *See Child Custody Jurisdiction and Enforcement Act*, UNIF. LAW COMM'N, https://www.uniformlaws.org/committees/community-home?communitykey=4cc1b0be-d6c5-4bc2-b157-16b0baf2c56d [perma.cc/2DNJ-C48F] (last visited Nov. 12, 2025).

declaration that Defendants' actions violated the Constitution, and various injunctions, all of which flow from the main injunction sought, namely the "restoration of parental access." *Id.* at 12–14.

### 4.3 Analysis

#### 4.3.1 Domestic-Relations Exception

The domestic-relations exception "discourages federal courts from hearing cases—including both diversity and federal-question lawsuits—that would traditionally fall within the ambit of domestic-relations or family courts.'" *Royal v. Wheeler*, No. 1:18-CV-412, 2019 WL 8334502, at *3 n.1 (N.D. Ind. Jan. 3, 2019) (quoting *Liggins v. Ind. Child Support Bureau*, No. 3:18-CV-486 RLM, 2018 WL 4053402, at *2 (N.D. Ind. Aug. 24, 2018)). The exception covers a narrow range of issues "involving the granting of divorce, decrees of alimony, and child custody orders." *Kowalski v. Boliker*, 893 F.3d 987, 995 (7th Cir. 2018) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 701–02 (1992)). It is founded on the principle that "state courts are better suited to adjudicate" these types of cases. *Wereko v. Haracz*, 857 F. App'x 250, 251 (7th Cir. 2021) (citing *Richards*, 504 U.S. at 701–02; *see also Huiras v. Cafferty*, No. 23-1385, 2023 WL 6566492, at *2 (7th Cir. Oct. 10, 2023).

Here, Plaintiff has made various allegations and requested various forms of relief that, when viewed together, amounts to the very kind of collateral attack that case law prohibits. Indeed, the gravamen here is that Plaintiff seeks to have the Court return her children to her custody. ECF No. 7-1 at 12 (asking this Court for "[r]estoration of parental access"); *id.* at 8 (discussing misrepresentations made to "justify interference with [her] parental rights"). Such an issue is subject to the domestic relations exception to federal jurisdiction and is not properly before this Court. *Mannix v.*

Page 10 of 16
Case 2:25-cv-01271-JPS    Filed 11/25/25    Page 10 of 16    Document 9

*Machnik*, No. 05 C 7232, 2006 WL 566447, at *2 (N.D. Ill. Mar. 3, 2006). If Plaintiff wishes to contest the State's "handling of h[er] children's custody, h[er]remedy is to appeal within the state court system, not to raise a new collateral attack in federal court." *Vidal v. Wisconsin*, No. 21-CV-0069-BHL, 2022 WL 17175093, at *2 (E.D. Wis. Nov. 2, 2022).

As such, the Court will dismiss the case, though the dismissal will operate without prejudice. Although courts generally must permit civil plaintiffs at least one opportunity to amend their pleadings, the Court need not do so where the amendment would be futile. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015) (citing *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)). Because the lack of federal subject matter jurisdiction is apparent on the face of Plaintiff's third amended complaint and no amendment could fix this deficiency, allowing Plaintiff to amend the complaint again would be futile. The dismissal will operate without prejudice. *Lauderdale-El v. Indiana Parole Bd.*, 35 F.4th 572, 576 (7th Cir. 2022).

### 4.3.2 Federal Abstention

Additionally, federal abstention doctrines require the Court to abstain from exercising jurisdiction over the dispute here. First, the *Younger* doctrine prohibits, among other things, federal courts from intervening in ongoing civil proceedings implicating a state's interest in enforcing orders and judgments of its courts. *Younger v. Harris*, 401 U.S. 37 (1971); *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010) (noting that *Younger* "requires federal courts to abstain from taking jurisdiction over federal constitutional claims that seek to interfere with or interrupt ongoing state proceedings" (citing *FreeEats.com, Inc. v. Ind.*, 502 F.3d 590, 595 (7th Cir.

2007))). Here, Plaintiff admits that there are court proceedings at the state level. ECF No. 7-1 at 9 (referencing Illinois and Wisconsin State Cases).

Since Plaintiff is a party to the Illinois and Wisconsin State Cases, involving the custody of her children, both of which appear ongoing in the sense that there are hearings scheduled and filings have been submitted and adjudicated recently, the Court does not have jurisdiction here. *Dart*, 619 F.3d at 677.

To the extent Plaintiff is challenging final decisions or judgments of the Illinois or Wisconsin courts, this Court does not have jurisdiction to hear challenges to those decisions or judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (noting that courts are precluded by the *Rooker-Feldman* doctrine from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced."). That is particularly true here where Plaintiff is "casting the complaint in the form of a civil rights action," even though it is more properly a challenge to a state court decision. *Wright v. Tackett*, 39 F.3d 155, 158 (7th Cir. 1994) (*per curiam*), *cert. denied*, 513 U.S. 1150 (1995) (citing *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993)). In *Wright*, the plaintiff, citing various constitutional violations, alleged defendants conspired to violate his civil rights when they took actions to foreclose against his real property. *See id.* at 156–57. The Seventh Circuit found that, "[i]n essence, [the plaintiff] asked the federal district court to review the state court's denial of [the plaintiff's] requests to intervene in the foreclosure actions." *Id.* at 157. Similarly, here, Plaintiff's complaint asks the Court, in essence, to review both Wisconsin and Illinois courts' denials of her motions to regain custody and remove the protective

orders against her. Accordingly, the Court's intervention appears inappropriate here.

Due to these abstention doctrines, the Court has no ability to hear any of Plaintiff's claims. Accordingly, the case will be dismissed without prejudice. *See Valadez v. Aprahamian*, No. 21-C-0795, 2021 WL 4321632, at *5 (E.D. Wis. Sept. 23, 2021) (dismissing claim without prejudice for want of subject matter jurisdiction). In addition to the above deficiencies that go to the Court's subject matter jurisdiction, the Court has identified several other problems with Plaintiff's complaint, as discussed further below.

### 4.3.3 Improper Joinder and Insufficient Notice

Under Federal Rule of Civil Procedure 20(a)(2), a plaintiff may join multiple defendants only when the claims arise from the same set of events and share a common question of law or fact. Courts may consider whether the plaintiff has improperly joined defendants when screening a complaint. *See Mitchell v. Kallas*, 895 F.3d 492, 502 (7th Cir. 2018) (citing *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011)). Moreover, allegations in the complaint must give defendants information to allow them to prepare a defense. *See Collier v. Bankers Life & Cas. Co.*, 79 F. App'x 213, 215 (7th Cir. 2003) (citing *Walker v. Thompson*, 288 F.3d 1005, 1007-08 (7th Cir. 2002).

The allegations here span a period of five years and encompass a wide array of Defendants, calling into question whether the claims arise from the same set of events. While the Court has discretion to sever the allegations, *Mitchell*, 895 F.3d at 502, the Court has insufficient information to properly do so at this time. Plaintiff has not identified which specific Defendants forcibly awoke her and her children, nor which specific officials unlawfully handled her case. Her recitation of their names in the caption and her invocation of "CPS" and "Green Bay Police Officers" does not

afford these individuals proper notice of the claims brought against them. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant [merely] by including the defendant's name in the caption."). Moreover, outside of August 2021 and her arrest two weeks thereafter, she has not presented sufficient detail to discern when any constitutional or other violations may have occurred; the Court must know this information so as to be able to discern whether the events were part of the same transaction or occurrence, and thus, whether the Court may join all these defendants.[6] Even assuming the Court could hear Plaintiff's case, these joinder and notice issues would likely bar her from pursuing certain claims against certain Defendants.

### 4.3.4 Judicial Immunity

To the extent Plaintiff seeks to pursue claims against various state court judges and commissioners in their official capacities, those Defendants have absolute immunity. *Rehberg v. Paulk*, 566 U.S. 356, 363 (2012) (noting that no claim under § 1983 may proceed as to "actions taken by judges within the legitimate scope of judicial authority" (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967))). The appellate process is usually the remedy for addressing their actions. *Forrester v. White*, 484 U.S. 219, 225 (1988) (citing Randolph J. Block, Stump v. Sparkman *and the History of Judicial Immunity*, 925 DUKE L.J. 879 (1980)). Accordingly, even if Plaintiff could state a claim against these Defendants, they would be immune from suit.

---

[6]Finally, Wisconsin also would not be the proper venue for claims based on events that occurred in Winnebago County, Illinois, *see* 28 U.S.C. § 1391(b)(1)–(2) and it is implausible that the Court would have personal jurisdiction over Defendants who are Winnebago County officials, 28 U.S.C. § 1391(b)(3).

Page 14 of 16
Case 2:25-cv-01271-JPS   Filed 11/25/25   Page 14 of 16   Document 9

## 5. ADDITIONAL MOTIONS

Plaintiff also filed a motion to appoint counsel, ECF No. 3, and a motion for service by the U.S. Marshals, ECF No. 8. Because the Court will dismiss this case, both motions will be denied as moot.

## 6. CONCLUSION

Without subject matter jurisdiction, this Court cannot hear Plaintiff's case. The action must, therefore, be dismissed without prejudice. District courts normally should not sua sponte dismiss a complaint for lack of subject matter jurisdiction without first providing the plaintiff notice and a hearing or an opportunity to amend, unless the jurisdictional defect is "incurable." *George v. Islamic Republic of Iran*, 63 F. App'x 917, 918 (7th Cir. 2003) (*Frey v. EPA*, 270 F.3d 1129, 1132 (7th Cir. 2001)). Here, the defect is indeed irredeemable; no amendment of Plaintiff's claims, short of raising entirely different allegations, could create a basis for the Court's subject matter jurisdiction. Thus, the only option in this instance is dismissal.

Accordingly,

**IT IS ORDERED** that Plaintiff Nyia Marie Harrell's motion to proceed in forma pauperis, ECF No. 2, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff Nyia Marie Harrell's motion to appoint counsel, ECF No. 3, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff Nyia Marie Harrell's motion for leave to file a second amended complaint, ECF No. 6, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff Nyia Marie Harrell's motion for leave to file a third amended complaint, ECF No. 7, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff Nyia Marie Harrell's motion for service of process by the U.S. Marshals, ECF No. 8, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 25th day of November, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.